# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| Robyn Georgius<br>3977 Consear Road<br>Lambertville, MI 48144<br><br>          Plaintiff,<br><br>     vs.<br><br>Kindervater and Carroll, LLC<br>c/o Karen Kindervater<br>975 Commerce Drive<br>Perrysburg, Ohio 43551<br><br>     and<br><br>John Doe Employee, ABC Corps 1-5,<br><br>          Defendants. | Case No.:<br><br>Judge<br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)**<br><br>Taylor R. Ward, Esq. (0092383)<br>Dixon Hayes Witherell & Ward, Ltd.<br>Attorney for Plaintiff<br>3361 Executive Parkway, Suite 100<br>Toledo, Ohio 43606<br>PH:     (419) 536-8600<br>FAX:    (419) 534-5934<br>E-MAIL: tward@dixonhayes.com |

Plaintiff, Robyn Georgius, by and through her attorney, Taylor R. Ward, for her complaint against the above-named Defendant (s), jointly, severally, or in the alternative, states and avers as follows:

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331, 1332, 1337, 2201, and 2202. This is an action for violation of 29 U.S.C. 201 et seq., commonly referred to as the Fair Labor Standards Act. This Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. 1367 over Ohio common law.

2. Venue of this Court is proper pursuant to 28 U.S.C. 1391.

## PARTIES

1. Plaintiff Robyn Georgius ("Plaintiff"), at all times relevant hereto, resides at the address set forth in the caption above.

2. Defendant, Kindervater & Carroll, LLC ("Defendant Kindervater"), is a corporation registered to do business in the State of Ohio and that holds itself out to do business in the State of Ohio.

## FACTUAL ALLEGATIONS

3. On June 21, 2016, Plaintiff Robyn Georgius, ("Plaintiff") commenced her employment with Defendant Kindervater & Carroll, LLC.

4. Plaintiff was employed on a full-time basis as a mental health therapist. Plaintiff provided therapy to patients through the Defendant's office.

5. Defendant controlled the manner of Plaintiff's employment. Defendant controlled information related to billing, coding, payments. Defendant invested in and provided staffing, use of supplies, space and equipment, software, phone systems, and insurance. Patients which Plaintiff provided services for were always seen at Defendant's premises. Plaintiff's employment had permanency, working regular hours and for an extended period of time, not on a temporary basis. Defendant exercised control over the overall volume and amount of patients Plaintiff would see. Plaintiff's position is an integral part of Defendant's business. Plaintiff did not have authority to hire/fire staff.

6. For a long period of time, Plaintiff requested billing reports and summaries for her patients but did not receive them from Defendant. Plaintiff did not have control or the ability to access the billing software for patients.

7. Client co-pays were not accounted for and there were not reasonable procedures or processes in place to account for payment issues. Clients complained to Plaintiff they were not

given receipts for their co-pays and Plaintiff had concerns about the amount and accuracy of her pay.

8. One of Defendant's managers that controlled and had access to billing and payments had been stealing for some time. Plaintiff and two nurse practitioners met with Dr. Carroll to address the issue. Plaintiff was not reimbursed any money owed and no accounting of the lost funds was performed to accurately reimburse Plaintiff for money stolen.

9. In April of 2017, Plaintiff left the practice for a short period. After Defendant fired the previous manager that had stolen funds, Plaintiff was again interested in employment and was re-hired.

10. A new office manager controlled payments and the billing system and entries. Starting in December of 2017, Plaintiff noticed irregularities with her wages. Defendants' wage payments to Plaintiff bounced for insufficient funds twice. Plaintiff reported the issue. Problems with payments persisted for a number of months. Plaintiff also had concerns with regard to the accuracy of the billing and payments. But again, Plaintiff did not have access or control over the system for billing and could only report the matters to Defendant.

11. It was again discovered that Defendant had been billing clients and insurance under incorrect providers at the incorrect amounts, using the incorrect billing codes. Some of Plaintiff's clients were billed to have seen Dr. Carroll, even though the patients had not seen Dr. Carroll and instead saw Plaintiff. Plaintiff notified the Defendant of the issues.

12. Plaintiff was then told by a manager of Defendant that the new office manager also stole money from the Defendant, from Plaintiff, and from patients. Notably, Plaintiff is not aware of any corrective actions taken after the theft of the first billing manager of Defendant. As a result,

no systems, procedures, processes were in place at the time of the second individual stealing funds and incorrectly billing. Defendant failed to act for an unreasonable length of time.

13. Plaintiff requested an accounting of billing practices related to her patients. Defendant did not provide an accounting. Defendant did not attempt to reimburse Plaintiff for wages owed but unpaid as a result of the fraudulent practices.

14. Plaintiff was finally provided access to her own charts in January of 2019. Plaintiff reviewed her charts and found that a large number of the charts had billing problems and errors. Plaintiff again requested a complete audit and accounting of practice and Plaintiff's charts. Defendant again committed to look into it but never did.

15. Plaintiff was not paid wages and monies duly owed for services rendered for Defendant.

16. As a direct and proximate result of Defendants' negligence, Plaintiff sustained losses and damages, including lost earnings and wages.

17. Defendants failed to adequately hire, train, manage, and/or supervise its employees, representatives, agents.

18. Plaintiffs provided notice of the issues, but the matter remains unresolved.

19. Plaintiff demanded any alleged pre-suit mechanisms, such as mediation, and also any pre-suit right to cure, but Defendant failed to identify, participate, or facilitate any such mechanisms. Defendant has waived any such alleged mechanisms.

20. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and will continue to suffer damages and loss.

**FIRST CAUSE**
**(FLSA)**

21. Plaintiff repeats and realleges the facts stated above as if fully set forth herein.

22.     Defendant Kindervater & Carroll, LLC is an "employer" within the meaning of FLSA, 29 U.S.C. §203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. §203®, and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. §203(s)(1).

23.     Plaintiff Robyn Georgius is a resident of the State of Michigan and has "engaged in commerce" as required by FLSA, 29 U.S.C. §§206-207.

24.     During the past three (3) years, Defendant and Plaintiff agreed to an hourly rate for which Plaintiff would be compensated.

25.     During the past three (3) years, Defendant has not paid Plaintiff a regular hourly rate for all hours worked. Defendant has failed to compensate Plaintiff for work performed.

26.     Defendant's practice of failing to pay Plaintiff her hourly rate for hours worked violated the provisions of the FLSA, 29 U.S.C. §201 *et seq.*. As a result of these unlawful practices, Plaintiff suffered a loss of wages.

27.     Defendant showed reckless disregard for the fact that their failure to pay wages was in violation of the law.

28.     Defendant has complained and given notice of not being paid wages and monies that were due and Defendant refused payment. All conditions precedent to the filing of this suit have been satisfied.

## SECOND CAUSE
### (Ohio FLSA)

29.     Plaintiff repeats and realleges the facts stated above as if fully set forth herein.

30.     Defendant is an "employer" as defined by R.C. 4111.01, *et seq.*. Plaintiff is an "employee" as defined by R.C. 4111.01, *et seq.*

31.     Defendant has failed to pay wages rightfully owed to Plaintiff.

32. Defendant is liable under R.C. 4111.01 *et seq.*, including R.C. 4111.10 for damages in the amount of wages.

### THIRD CAUSE
### (Breach of Contract)

33. Plaintiff repeats and realleges each and every paragraph of the complaint as though same were set forth at length herein.

34. Plaintiff and Defendant had an oral and/or written agreement.

35. Plaintiff fulfilled her obligations under her agreement with Defendant.

36. Plaintiff provided notice of the breach to Defendant.

37. Defendant breached its obligations under its agreement with Plaintiff.

38. Defendant's breach proximately caused damages to Plaintiff.

### FOURTH CAUSE
### (Conversion of wages)

39. Plaintiff repeats and realleges each and every paragraph of the complaint as though same were set forth at length herein.

40. Defendant wrongfully exercised dominion over property in exclusion of the right of Plaintiff and/or withheld it from Plaintiff's possession under a claim inconsistent with Plaintiff's rights.

41. Plaintiff was proximately caused damages by Defendant's wrongful actions.

### FIFTH CAUSE
### (Unjust Enrichment/Quantum Meruit)

42. Plaintiff repeats and realleges each and every allegation of the Complaint as though fully set forth herein.

43. A benefit was conferred by Plaintiff upon the Defendant.

44. The Defendant had knowledge of the benefit.

45. Defendant retained the benefit under circumstances where it would be unjust to do so without payment.

46. Plaintiff was proximately caused damages by Defendant's actions.

## SIXTH CAUSE
### (Respondeat Superior)

47. Plaintiff repeats and realleges all allegations as if set forth fully herein.

48. Defendant is an Ohio corporation doing business in the state of Ohio and has their principal place of business in Lucas County, Ohio.

49. Defendants Kindervater & Carroll, LLC and/or ABC Corps 1-5 (hereinafter "ABC") is a person(s) or company(ies) living and/or doing business in the state of Ohio and the employer(s) of Defendant John Doe Employee at the time of the incidents. Plaintiff has not yet discovered ABC's true identity.

50. At all times relevant to the accident, Defendant John Doe Employee was the agent, servant and/or employee of and/or ABC, and was acting within the scope and in furtherance of said agency and/or employment.

51. Pursuant to the doctrine of *respondeat superior*, Defendant Kindervater & Carroll, LLC and/or ABC Corps 1-5 is liable for the injuries and damages Plaintiff sustained on account of Defendant's negligent actions.

## SEVENTH CAUSE
### (Negligent hiring, training, management, supervision)

52. Plaintiff repeats and realleges all allegations as if set forth fully herein.

53. Defendants had a duty to reasonably hire, train, manage, and supervise its employees, agents, and representatives.

54. Defendants breached their duty to reasonably hire, train, manage, and supervise its employees, agents, and representatives.

55. As a direct and proximate result, Plaintiff suffered damages.

**WHEREFORE**, claimant prays this forum award Plaintiff Robyn Georgius against Defendant Kindervater & Carroll, LLC, John Doe Employee, ABC Corps 1-5, for damages greater than $25,000.00 in the form of compensatory, incidental, consequential, and/or statutory damages; attorney fees and costs; interest as allowed by law; and grant claimant such other and further relief as may be just and proper.

Respectfully submitted,

Dixon Hayes, Witherell & Ward, Ltd.


*s/ Taylor Ward*
Taylor R. Ward, Esq. (0092383)
*Attorney for Plaintiff*
Dixon Hayes Witherell & Ward, Ltd.
3361 Executive Parkway, Suite 100
Toledo, Ohio 43606
Ph: 419-536-8600
Fx: 419-534-5934
tward@dixonhayes.com


**JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

*s/ Taylor Ward*
Taylor R. Ward, Esq. (0092383)